IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09cr78–HEH
)
PRENTIS TREWAYNE ROBERTS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Fed. R. Civ. P. 59(e) Motion)

On February 11, 2010, Prentis Trewayne Roberts, a federal inmate proceeding *pro se*, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Dk. No. 32.) On May 14, 2012, by Memorandum Opinion and Order, this Court dismissed Roberts's claims and denied the § 2255 Motion. *United States v. Roberts*, No. 3:09cr78–HEH, 2012 WL 1678074, at *4 (E.D. Va. May 14, 2012). On May 29, 2012, Roberts filed a Motion for Reconsideration asking the Court to reconsider the May 14, 2012 Memorandum Opinion and Order "because [Roberts] believes there are some things that the Court may have overlooked or misunderstood in his 2255 petition." (Mot. Recons. (Dk. No. 47) 1.) Because Roberts filed the Motion for Reconsideration within twenty-eight days of this Court's entry of the May 14, 2012 Memorandum Opinion and Order, the Court construes the Motion for Reconsideration as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls

into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (citing *Carson v. Am. Sav. Life Ins. Co.*, 15 Fed. R. Serv. 2d 1326 (4th Cir. 1972))).

## I. RULE 59(e) STANDARD

Relief under Rule 59(e) is appropriate only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). "In other words, it is a means by which the district court can correct its own mistakes, thereby 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Patterson v. Kaine*, No. 3:08CV490, 2010 WL 2232410, at *1 (E.D. Va. June 1, 2010) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

## II. ROBERTS'S RULE 59(e) MOTION

Roberts does not assert an intervening change in the law or new evidence. Rather, Roberts asserts that this Court erred in its adjudication of Roberts's claims regarding his career offender status. Roberts's Rule 59(e) arguments, however, mirror his arguments for relief stated in his § 2255 Motion. In his § 2255 Motion, Roberts argued that his federal counsel performed deficiently[1] by failing to challenge the Pre-sentence Report's assessment of career offender status because: (a) both felony convictions used to

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

determine Roberts's career offender status were imposed on the same day and, (b) state court counsel ineffectively failed to appeal one of the state court convictions used to determine Roberts's career offender status. *United States v. Roberts*, No. 3:09cr78–HEH, 2012 WL 1678074, at *2–3 (E.D. Va. May 14, 2012). Roberts revisits these same two arguments in his Motion for Reconsideration. (Mot. Recons. 1–6.)

"The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)). Nor is "[a] motion under Rule 59(e) . . . authorized to 'enable a party to complete presenting his case after the court has ruled against him.'" *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Roberts's Motion for Reconsideration is merely an attempt to reargue his § 2255 Motion. Roberts fails to demonstrate any clear error by the Court. Accordingly, Roberts's Motion for Reconsideration (Dk. No. 47) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

3

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Roberts fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

Date: Oct. 5, 2012
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE